# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| LAWRENCE TERRY HUFFMAN, JR., | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:22-CV-9-DCLC-DCP |
| BILL LEE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner proceeding pro se, has filed a complaint for violations of 42 U.S.C. § 1983 [Doc. 3], along with a motion to proceed *in forma pauperis* in this action [Doc. 2]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion to proceed *in forma pauperis* and **DISMISS** Plaintiff's complaint for failure to state a claim upon which relief may be granted and as against Defendants who are immune. *See* 28 U.S.C. § 1915(e).

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It is apparent from Plaintiff's motion to proceed *in forma pauperis* [Doc. 2] and supporting documents [Doc. 6] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, Plaintiff's initial motion to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the

custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General of the State of Tennessee. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.    SCREENING OF COMPLAINT

### A.    Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Plaintiff's Allegations

In 1998, at the age of fourteen, Plaintiff was adjudicated delinquent of criminal sexual conduct in the first degree (the victim was under the age of thirteen) in Michigan and was successfully discharged from probation a year later in 1999 [Doc. 3, p. 6]. Plaintiff moved to Tennessee in 2020, and on May 24, 2020, Plaintiff was charged with violating Tennessee's Sexual Offender and Violent Sexual Offender Registration Verification and Tracking Act of 2004 ("SORA") [Doc. 3 p. 7]. Three days later, Plaintiff registered as a sex offender with the Tennessee Bureau of Investigation ("TBI") [*Id*. at 6-7]. On September 22, 2020, Plaintiff was again arrested for violating SORA [*Id*. at 7].

On December 3, 2020, Plaintiff wrote the Tennessee Bureau of Investigation ("TBI") requesting to be removed from the sex offender registry [*Id*. at 7]. Defendants told Plaintiff that he would have to register for life due to the age of his victim in Michigan [*See id*. at 12-13]. On

February 22, 2021, Plaintiff pleaded guilty to violation of SORA, believing that it was in his best interest to do so [*Id*. at 7].  On February 24, 2021, Blount County Detective Paul Grady hand-delivered Plaintiff a TBI's form to apply for removal from Tennessee's sex offender registry [*Id*.]. Plaintiff was removed from Tennessee's sex offender registry on April 19, 2021 [*Id*.].

Plaintiff contends that he never should have been required to register as a sex offender in Tennessee, as the consequences of his Michigan conviction expired prior to his move to Tennessee [*Id*. at 6-7].  Plaintiff contends that he was wrongfully kept on the registry for over eleven months, during which time he requested the proper TBI forms to be removed from the registry but failed to receive a timely response [*Id*. at 8-9]. Further, he claims, Blount County detectives "went around Plaintiff's neighborhood and informed each neighbor that Plaintiff was a violent sexual offender" [*Id*. at 12].

Aggrieved, Plaintiff filed this lawsuit, maintaining that State officials and Blount County — along with its officers, public defenders, prosecutors — improperly advised that he was required to register as a sex offender for life and threatened Plaintiff to coerce him to sign the sex offender registry [*See, generally*, Doc. 3].  He seeks actual damages along with damages for "pain and suffering" [*Id*. at 40].

### C. Analysis

#### 1. Claims Related to Conviction

To the extent Plaintiff seeks damages for or release from his current incarceration for violating the SORA, he cannot sustain this action.  First, a petition for writ of habeas corpus under 28 U.S.C. § 2254 is the exclusive means for challenging a criminal conviction in federal court. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their

confinement, and that specific determination must override the general terms of § 1983."). Second, a plaintiff cannot seek money damages in a § 1983 suit where success in the suit would "necessarily imply the invalidity of his sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). Here, Plaintiff is serving a sentence for violating Tennessee's SORA, and that sentence has not been overturned. Therefore, any § 1983 claims concerning the fact of Plaintiff's incarceration will be **DISMISSED**.

2. **Claims Concerning Sex Offender Registry**

Plaintiff maintains that he should not have been required to register as a sex offender in Tennessee per Tennessee law, and that he further should not have been classified as a "violent juvenile sexual offender" given the nature of his 1998 conviction [Doc. 3, p. 7-9]. Plaintiff does not provide support for these assertions, and he does not inform the Court of the Michigan statute under which he was prosecuted or the Tennessee statute under which he was required to register as a sex offender. Conversely, he acknowledges that he has a prior conviction for a sexual offense in Michigan and moved to Tennessee without registering as a sex offender in this State.

Except for certain juvenile offenses, anyone convicted of, or given judicial diversion for, an offense listed in Tenn. Code Ann. § 40-39-202 has a duty to register as a sex offender in Tennessee, regardless of the date of conviction or discharge. *See* Tenn. Code Ann. § 40-39-202, *et seq*. Because Plaintiff fails to identify the exact circumstances of his juvenile adjudication in Michigan and whether he was required to register as a sex offender in that jurisdiction, he has not provided the Court with sufficient facts to determine that he should not have been included in

5

Tennessee's sex offender registry. The mere fact that Plaintiff has successfully petitioned for removal from the registry in accordance with Tennessee law does not prove his allegation that he should have never been placed on the registry as a matter of law, and he is, in fact, serving a criminal sentence for violation of that statute. Therefore, his claim that he was wrongfully placed on the registry in the first instance fails to raise a right to relief about the speculative level, and his Complaint should be dismissed. *Twombly*, 550 U.S. at 555, 570 (dismissing complaint where plaintiffs failed to "nudge[] their claims across the line from conceivable to plausible"). Out of an abundance of caution, however, the Court will address Plaintiff's claims for damages against the identified Defendants.

### 3. "Pain and Suffering" Damages

Under the PLRA, a lawsuit brought by an institutionalized person requires a "physical" injury to permit recovery. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). Inasmuch as Plaintiff has not alleged any physical injury as a result of the constitutional violations alleged in his Complaint, recovery for "pain and suffering" is not available in this action.

### 4. Immune Defendants

#### a. Attorneys

Plaintiff has named various public defenders, prosecutors, and a private attorney as Defendants in this action. However, even if Plaintiff's Complaint did state a constitutional claim, Plaintiff may not maintain suit against either a prosecuting attorney, a private attorney, or any of his public defenders. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (holding a state prosecuting attorney who act[s] within the scope of h[er] duties in initiating and pursuing a

6

criminal prosecution" is not amenable to suit under § 1983); *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."). Accordingly, Defendants Mike Flynn, Tiffany Smith, Robert White, Mack Garner, Matthew Elrod, and Shawn Graham, all attorneys involved in Plaintiff's criminal cases, will be **DISMISSED**.

### b. State Officers

Plaintiff has named Tennessee Governor Bill Lee, Tennessee Department of Correction ("TDOC") Commissioner Tony Parker, and TBI director David Rausch as Defendants in this action based on their respective positions of authority. A suit against a defendant in his or her official capacity is treated as an action against the governmental entity the officer represents. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *see, e.g., Hafer v. Melo*, 502 U.S. 21, 25 (1991). However, neither a state nor an arm of its government is a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

Moreover, the doctrine of sovereign immunity prohibits suit against a state or its agencies in federal court for damages, unless Congress has abrogated its immunity, or the state has expressly waived it. *See WCI, Inc. v. Ohio Dep't of Public Safety*, 18 F.4th 509, 513-14 (6th Cir. Nov. 17, 2021). The State of Tennessee has not waived its immunity to suit under § 1983 or state tort law. *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983). Therefore, Plaintiff cannot recover damages against Governor Lee, Tony Parker, or David Rausch in their official capacities, and Plaintiff's official-capacity claims against them will be **DISMISSED**.

7

Plaintiff has, however, also sued TBI Director David Rausch in his individual capacity [Doc. 3, p. 27]. However, Plaintiff does not allege that Director Rausch had any personal involvement in the events of this lawsuit, but rather, that Director Rausch failed to properly train employees of the TBI [*Id.*]. To establish a claim for damages, though, Plaintiff must demonstrate that each Defendant, through his or her own conduct, violated Plaintiff's constitutional rights. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right.") (quotation omitted). This requirement arises because § 1983 liability cannot be imposed under a theory of respondeat superior. *Grinter v. Knight*, 532 F.3d 567, 675 (6th Cir. 2008) (quotation marks omitted). Plaintiff has not alleged that Defendant Rausch placed him on the registry or was responsible for maintaining his presence on the registry. Therefore, Plaintiff's claims against Defendant Rausch will be **DISMISSED**.

### 5. Blount County Defendants

The remaining Defendants are Blount County, Blount County Sheriff James Berrong, and Blount County Detectives Paul Grady and Kelly Hoard. Defendants Berrong, Grady, and Hoard are sued in both their official and individual capacities.

#### a. Official Capacity

As noted above, a suit against a defendant in his or her capacity as an employee of Blount County is equivalent to suit against the County itself. *See Graham*, 473 U.S. at 166. Therefore, the Court must consider whether Plaintiff can sustain a plausible action against Blount County, Tennessee.

8

Case 3:22-cv-00009-DCLC-DCP   Document 8   Filed 02/08/22   Page 8 of 10   PageID #: 62

In order to subject Blount County to liability, Plaintiff must demonstrate that the alleged violation of his constitutional rights came about because of a policy or custom implemented by the County. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). Plaintiff has not demonstrated that any custom or policy of Blount County caused a constitutional violation in this case, and therefore, Plaintiff's claims against Blount County and against the County Defendants in their official capacities, will be **DISMISSED**.

      b.      **Individual Capacity**

Plaintiff maintains that because Sheriff Berrong holds the office for the highest elected law enforcement position in the County, he is responsible for the training and conduct of his employees. As the Court noted above, however, Sheriff Berrong cannot be held liable in a § 1983 action because of conduct of his subordinates. *See, e.g., Grinter,* 532 F.3d at 575. Therefore, claims against Sheriff Berrong in his individual capacity will be **DISMISSED**.

Plaintiff contends that Paul Grady and Kelly Hoard improperly arrested him and thereafter informed his neighbors that he was on the sex offender registry. However, Plaintiff contends that he had a prior conviction for a sex offense and moved to Tennessee without registering as a sex offender. Plaintiff has not alleged that he was arrested without a warrant or without probable cause, and awareness of the presence of a sex offender in a particular community is an intended function of sex offender registry. *See, e.g.*, Tenn. Code Ann. § 49-39-206(d); § 40-39-217. Plaintiff has set forth no basis for concluding that Grady and/or Hoard's conduct, even if motivated by some personal animus, violated any constitutional right to Plaintiff's privacy or due process.

9

Case 3:22-cv-00009-DCLC-DCP   Document 8   Filed 02/08/22   Page 9 of 10   PageID #: 63

Therefore, because Plaintiff has failed to allege any facts suggesting constitutional wrongdoing by these individuals, they will be **DISMISSED**.

### III. CONCLUSION

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 and seeks damages against Defendants who are immune;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

**ENTER:**

s/Clifton L. Corker
United States District Judge